1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                   * * *
                                      )
9   SUSAN A. REYNOLDS                  )
                                      )
10                 Plaintiff,          )          3:11-cv-0657-LRH-WGC
                                      )
11  v.                                 )
                                      )          ORDER
12  WELLS FARGO BANK, N.A.; et al.,    )
                                      )
13                 Defendants.         )
    _____   )

14

15        Before the court are defendants Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage Inc.;

16  and Norwest Mortgage, Inc.'s (collectively "Wells Fargo") motion to dismiss (Doc. #9[1]) and

17  motion to expunge lis pendens (Doc. #10). Plaintiff Susan A. Reynolds ("Reynolds") filed

18  oppositions to the motions (Doc. ##12, 13) to which Wells Fargo replied (Doc. #14).

19  **I.     Facts and Background**

20        In August, 2005, Reynolds purchased real property through a loan secured by a mortgage

21  note and deed of trust executed by Wells Fargo. Reynolds eventually defaulted on the loan

22  obligations and defendants initiated non-judicial foreclosure proceedings.

23        Subsequently, on June 15, 2011, Reynolds filed a complaint against defendants alleging

24  nine causes of action: (1) debt collection violations; (2) Unfair and Deceptive Trade Practices Act;

25

26  _____

          [1] Refers to the court's docketing number.

1  (3) Unfair Lending Practices; (4) breach of the covenants of good faith and fair dealing;

2  (5) violation of NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title;

3  (9) and abuse of process. Doc. #1, Exhibit A. Thereafter, Wells Fargo filed the present motions to

4  dismiss and expunge lis pendens. Doc. ##9, 10.

5  **II.     Legal Standard**

6          Wells Fargo seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

7  to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

8  a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

9  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

10 is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

11 entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

12 detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

13 formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

14 Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

15         Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

16 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

17 *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

18 the court to draw the reasonable inference, based on the court's judicial experience and common

19 sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

20 standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

21 defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

22 defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

23 relief." *Id.* at 1949 (internal quotation marks and citation omitted).

24         In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

25 true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

26

2

1    the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

2    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

3    (internal quotation marks omitted). The court discounts these allegations because "they do nothing

4    more than state a legal conclusion—even if that conclusion is cast in the form of a factual

5    allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

6    dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

7    plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

8    **III.    Discussion**

9            **A.  Debt Collection Violations**

10           Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal

11   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,

12   Reynolds alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure

13   without following the proper procedures for attempting to collect a debt.

14           It is well established that non-judicial foreclosures are not an attempt to collect a debt under

15   the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*

16   *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.

17   2010) (holding that recording a notice of default is not an attempt to collect a debt because the

18   borrower already consented to allow the foreclosure trustee to record the notice upon default).

19   Therefore, the court finds that Reynolds fails to state a claim against Wells Fargo for violation of

20   the FDCPA, and thereby NRS § 649.

21           **B.  Nevada Unfair and Deceptive Trade Practices Act**

22           Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of

23   Nevada without all required state, county or city licenses. NRS 598.0923(1). Reynolds alleges that

24   defendants violated the statute by recording the underlying notice of default without having a state

25   business license. However, it is undisputed that a bank, like Wells Fargo, is statutorily excluded

26                                                          3

1  from the requirement that it have a business license to collect on its own loans. Therefore, the court

2  finds that Reynolds fails to state a claim for violation the Nevada Unfair and Deceptive Trade

3  Practices Act as to Wells Fargo.

4  **C.  Nevada Unfair Lending Practices Act**

5  NRS 598D.100 prohibits lenders from making loans "without determining, using

6  commercially reasonable means or mechanisms, that the borrower has the ability to repay the home

7  loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the

8  statute was amended. Although Reynolds alleges that Wells Fargo violated the present version of

9  the statute, her loan originated in 2005, prior to the current amendment. Therefore, Reynolds' loan

10  cannot have violated the current statutory language requiring a determination that a borrower has

11  the ability to repay the loan.

12  Additionally, Reynolds' unfair lending practices claim is barred by the applicable statute of

13  limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two

14  (2) years. *See* NRS § 11.190(3)(a). Reynolds purchased the property in 2005, and did not file the

15  present action until 2011, over four years after the statute of limitations had expired. Accordingly,

16  the court shall grant Wells Fargo's motion as to this issue.

17  **D.  Breach of Good Faith and Fair Dealing**

18  Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

19  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784

20  P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

21  breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

22  plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

23  fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

24  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

25  *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*

26

4

*Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

As to defendant Wells Fargo, Reynolds alleges that Wells Fargo breached the implied covenant because it misrepresented the cost of credit involved in the loan agreement. However, these alleged misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit A. Reynolds fails to allege any facts to establish a breach of the implied covenants *after* the contract between the parties was formed. Thus, Reynolds fails to allege a claim for breach of the covenants of good faith and fair dealing against Wells Fargo.

**E.  NRS 107.080**

In her complaint, Reynolds alleges that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, Reynolds fails to allege a claim upon which relief can be granted.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, Wells Fargo does not claim any interest in the property adverse to Reynolds. Therefore, she has no grounds to quiet title against Wells Fargo.

**G.  Fraud**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a

5

plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Reynolds fails to allege anything more than defendants defrauded her during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Reynolds fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Reynolds' allegations are insufficient to support her claim for fraud.

### H.  Slander of Title

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Reynolds' title. First, she concedes that she was in default on her loan. Thus the notice of default, although allegedly recorded before defendant National Default Servicing Corporation was authorized to do so, does not make a false statement about the title. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Reynolds has failed to state a claim for slander of title.

### I. Abuse of Process

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that Reynolds has failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the

1    resolution of her default on the mortgage note. Further, the process at issue in this action is a non-

2    judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process

3    claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009).

4    Therefore, the court finds that Reynolds has failed to state a claim for abuse of process.

5    Accordingly, the court shall grant Wells Fargo's motion to dismiss.[2]

6

7         IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #9) is

8    GRANTED. Defendants Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage Inc.; and Norwest

9    Mortgage, Inc. are DISMISSED as defendants in this action.

10        IT IS FURTHER ORDERED that defendants' motion to expunge lis pendens (Doc. #10) is

11   GRANTED. Defendants Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage Inc.; and Norwest

12   Mortgage, Inc. shall have ten (10) days after entry of this order to prepare an appropriate order

13   expunging lis pendens and submit the same for signature.

14        IT IS SO ORDERED.

15        DATED this 17th day of January, 2012.

16

17                                          _____

18                                          LARRY R. HICKS
                                            UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24        [2] The court, in granting defendants' motions to dismiss, notes that Reynolds did not request leave to
     amend her complaint. However, even if she had requested leave to amend, the court would deny the request
25   because she has failed to make any showing that amendment in this particular case would not be futile or that
     she could overcome the identified pleading defects.
26
                                               7