1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

10

11

12

13

14

SUSAN A. REYNOLDS

           Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

3:11-cv-0657-LRH-WGC

ORDER

15     Before the court is plaintiff Susan A. Reynolds's ("Reynolds") motion for reconsideration

16 of the court's order granting defendants' motion to dismiss (Doc. #16[1]). Doc. #19. Defendants file

17 an opposition (Doc. #22) to which Reynolds replied (Doc. #23).

18 **I.     Facts and Background**

19     In August, 2005, Reynolds purchased real property through a loan secured by a mortgage

20 note and deed of trust executed by Wells Fargo. Reynolds eventually defaulted on the loan

21 obligations and defendants initiated non-judicial foreclosure proceedings.

22     Subsequently, on June 15, 2011, Reynolds filed a complaint against defendants alleging

23 nine causes of action: (1) debt collection violations; (2) Unfair and Deceptive Trade Practices Act;

24 (3) Unfair Lending Practices; (4) breach of the covenants of good faith and fair dealing;

25

26

_____

[1] Refers to the court's docketing number.

(5) violation of NRS 107.080; (6) quiet title; (7) fraud in the inducement; (8) slander of title; (9) and abuse of process. Doc. #1, Exhibit A. In response, defendants filed a motion to dismiss (Doc. #9) which was granted by the court (Doc. #16). Thereafter, Reynolds filed the present motion to reconsider. Doc. #19.

**II.     Discussion**

Reynolds brings her motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In her motion, Reynolds contends that the court erred in granting defendants' motion because defendant National Default did not have authority to record the underlying notice of default and that the no party had the proper interest to initiate non-judicial foreclosure proceedings. *See* Doc. #19.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order granting defendants' motion to dismiss is not warranted. Initially, the court notes that Reynolds has not provided any new evidence or law in support of her motion that was not already known to the court at the time it granted defendants' motion to dismiss. Rather, Reynolds reiterates the same, unmeritorious arguments proffered in opposition to defendants' motion. "Reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

1   Further, the court has already found that National Default had authority, as the agent for the

2   beneficiary, to record the underlying notice of default pursuant to Nevada law. *See* NRS

3   107.080(4). Thus, National Default was within its statutorily created power when it recorded the

4   underlying notice of default even if it didn't have that right under the loan agreement. Therefore,

5   the court finds that Reynolds's motion for reconsideration is without merit and shall deny the

6   motion accordingly.

7

8   IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Doc. #19) is

9   DENIED.

10   IT IS SO ORDERED.

11   DATED this 21st day of May, 2012.

12

13   _____

14   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26                                          3